UNITED STATES *v.* GRASSELLI CHEMICAL Co. (No. 1332).[1]

WOVEN FABRICS IN CHIEF VALUE OF ASBESTOS.

> The merchandise is a plain, loose, open weave of thick asbestos cords. The change in the language of the tariff act of 1909 clearly manifests a legislative intention separately to provide for woven asbestos. The goods here are woven fabrics and fell properly under the last clause of paragraph 462 of that act.

United States Court of Customs Appeals, May 28, 1914.

APPEAL from Board of United States General Appraisers, Abstract 34310 (T. D. 34026).

[Reversed.]

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel), for the United States.
*Brown & Gerry* for appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

---

[1] Reported in T. D. 34527 (26 Treas. Dec., 930).

SMITH, Judge, delivered the opinion of the court:

The merchandise in this case was classified by the collector of customs at the port of New York as "a woven fabric in chief value of asbestos." The importation was accordingly assessed for duty at 40 per cent ad valorem under that part of paragraph 462 of the tariff act of 1909, which reads as follows:

462. * * * Woven fabrics composed wholly or in chief value of asbestos, forty per centum ad valorem.

The importers protested that the goods were "articles of asbestos" and that they were therefore dutiable as manufactures of asbestos under that part of said paragraph which reads as follows:

462. Manufactures of amber, asbestos, bladders, catgut or whip gut or worm gut, or wax, or of which these substances or any of them is the component material of chief value, not specially provided for in this section, twenty-five per centum ad valorem; * * *.

The merchandise in controversy is about 54 inches long and 30 inches wide, and as appears from the exhibits in evidence is a plain, loose, open weave of thick asbestos cords. The warp cords are turned back on the fabric and bound to it by sewing over them with fine asbestos threads a closely woven band of asbestos cloth a little less than an inch in width.

The board found that the importation consisted of completed articles and held that it was covered by the provision for manufactures of asbestos rather than by the provision for woven fabrics of asbestos, the material from which such articles were made. The importers' protest was accordingly sustained and the Government appealed.

Whether the goods may be regarded as articles in the sense that they were complete and ready for ultimate use we think is unnecessary to decide. Conceding them to be articles for the purposes of this case, that fact would not, in our opinion, remove them from the category of woven fabrics or exclude them from the purview of the last clause of paragraph 462. In the tariff acts of 1883, 1890, 1894, and 1897 woven fabrics of asbestos were not provided for *eo nomine*, but were subjected to duty as "manufactures of asbestos." In 1909, however, manufactures of asbestos and woven fabrics of asbestos were separately provided for in the same paragraph and subjected to a different rate of duty. That departure from the wording of previous tariff acts clearly manifested, in our opinion, a legislative intention to provide separately for such manufactures of asbestos as were made by weaving and to provide for them under the specific designation of woven fabrics with a higher rate of duty than that prescribed for manufactures of asbestos in general..

The body of the fabric involved in this appeal and the material with which it is bound are of woven asbestos. The binding, it is true, is stitched to the goods, and to that extent it may be said that

.the product has been subjected to a process other than that of weaving. Inasmuch, however, as one purpose of the binding was apparently to prevent the unraveling of the fabric and to preserve the weave, we think the goods are woven fabrics as that expression is commonly understood, and that they are therefore within the intent and meaning of the last clause of paragraph 462. The interpretation of that paragraph contended for by the importers would result in subjecting articles made from woven asbestos to a lower rate of duty than the materials from which such articles were made, and that intention we can not impute to Congress when the language used to express the legislative will clearly warrants a construction entirely in accord with the policy which usually governs Congress in determining relative rates of duty.

The decision of the Board of General Appraisers is *reversed*.