UNITED STATES *v.* PORTENOY Co. (No. 2932)[1]

United States Court of Customs Appeals, November 14, 1927

*Charles D. Lawrence,* Assistant Attorney General (*Hugo P. Geisler,* special attorney, of counsel), for the United States.

*Allan R. Brown* for appellee.

[Oral argument October 11, 1927, by Mr. Lawrence and Mr. Brown]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD Associate Judges

SMITH, Judge, delivered the opinion of the court:

Woven or braided leather, imported at the port of New York, was classified by the collector of customs as a manufacture of leather, not specially provided for, and assessed for duty at 30 per centum ad valorem under that part of paragraph 1432 of the Tariff Act of 1922 which reads as follows:

1432. Bags * * * and manufactures of leather, * * * not specially provided for, 30 per centum ad valorem; * * *

The importer protested that the merchandise was leather, not specially provided for, and, therefore, exempt from duty under section 201 and paragraph 1606 of the free list, the pertinent parts of which read as follows:

201. That on and after the day following the passage of this act * * * the articles mentioned in the following paragraphs, when imported into the United States * * * shall be exempt from duty:

1606. Leather: All leather not specially provided for; * * * leather cut into shoe uppers, vamps, soles, or other forms suitable for conversion into manufactured articles; * * *

---

[1] T. D. 42483.

The United States Customs Court sustained the importer's protest and the Government appealed.

It appears from the record that the merchandise bears the trade name of "Cremone" and is woven or braided leather. Woven or braided leather is made by cutting leather into narrow so-called strips about one-sixteenth of an inch wide and weaving such strips into a fabric from 10 to 40 yards long and from 8 to 8½ inches wide. According to the importer's witness, Michael A. Miller, the woven or braided leather is "just like a regular cloth." The original slender leather strips or strings, from which the importation is made, may have been leather but once they were woven into the fabric under consideration, they ceased to be strips or strings of leather and were no longer commercially available for use as strips or strings of leather. Whether the leather strips or strings before weaving were finished articles fit only and ready without further processing for the making of woven leather, we can not say from this record but if they were, it is certain that the strips or strings themselves were manufactures of leather. *Tilge & Co.* v. *United States*, 3 Ct. Cust. Appls. 97, 98, 99; *Devoy* v. *United States*, 3 Ct. Cust. Appls. 444, 445; *Brunswick-Balke-Collender Co.*, v. *United States* 7 Ct. Cust. Appls. 1, 3. If, however, the strips or strings were leather and not manufactures of leather, the weaving of them converted them into a leather fabric and they ceased to be strips of leather in the same way and for the same reason that yarns of cotton cease to be yarns of cotton when they are woven into cloth. Narrow leather strips, like cords of asbestos, may be woven into a fabric and in the absence of a provision for woven fabrics of leather must be classified as manufactures of leather. See *United States* v. *Grasselli Chemical Co.*, 5 Ct. Cust. Appls. 320, 321.

The judgment of the United States Customs Court is reversed. *Reversed* and *remanded*.