UNITED STATES *v.* J. M. LEHMAN CO., INC. (No. 3719)[2]

[2] T. D. 47081.

United States Court of Customs and Patent Appeals, April 30, 1934

*Charles D. Lawrence*, Assistant Attorney General (*Marcus Higginbotham, Jr.*, and *Ralph Folks*, special attorneys, of counsel), for the United States.
*Walden & Webster* (*J. L. Klingaman* of counsel) for appellee.

[Oral argument April 4, 1934, by Mr. Folks; submitted on brief by appellee]

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges [2]

GARRETT, Judge, delivered the opinion of the court:

The Government has here appealed from a judgment of the United States Customs Court sustaining importer's protest against the classification and duty assessment, by the Collector of Customs, of certain felt rings used in cocoa presses, according to the testimony, "to prevent the cocoa butter, to prevent the fibrous material from finding its way out at the edges of the filter pad."

The importation was made under the Tariff Act of 1930 and the merchandise was classified under paragraph 1112 thereof as "felts, not woven, wholly or in chief value of wool   *   *   *."

The claim of the protest upon which the importer relied in the trial court, and upon which it here relies, is that it should be classified as a manufacture "wholly or in chief value of wool not specially provided for", under paragraph 1120 of the said act.

The full texts of the respective pargaraphs read:

PAR. 1112. Felts, not woven, wholly or in chief value of wool, valued at not more than $1.50 per pound, 30 cents per pound and 35 per centum ad valorem; valued at more than $1.50 per pound, 40 cents per pound and 40 per centum ad valorem.

PAR. 1120. All manufactures, wholly or in chief value of wool, not specially provided for, 50 per centum ad valorem.

There is no dispute as to the character of the article, a sample of which is in evidence.

It is a ring stamped, or cut, from a solid piece of felted material, in chief value of wool, and it is a complete manufacture, being ready, in the condition as imported, and without further processing, for immediate use in the performance of a single function.

It was held by the trial court that the article is not included within the common meaning of the phrase "Felts, not woven, wholly or in chief value of wool", used in paragraph 1112, *supra*, the following definition of "felt" being quoted as from the Standard Dictionary:

1. Properly a fabric made by interlocking or compacting wool, fur, or hair, or a mixture thereof, by rolling under pressure without weaving, even with the aid of glue and heat; also a woven fabric whose fibers are matted by shrinking or otherwise.

---

[2] Hatfield, J., did not participate in this case.

2. A piece of material so made; also some article manufactured therefrom, as a hat.

We feel constrained to disagree with the trial court in this finding. The article is admittedly made from felted material. Had the material from which it was made been imported, it, concededly, would have been classifiable under paragraph 1112. It would be anomalous to admit the finished product at a lower rate of duty than applies to the material from which it is produced. Such anomalies are generally looked upon as being contrary to legislative intent, and this and other courts have frequently declared that when the language used to express the legislative will clearly warrants a construction in accord with the general policy of Congress to not subject completed articles to lesser duty than the material of which they are composed, such construction is required. *United States* v. *Grasselli Chemical Co.*, 5 Ct. Cust. Appls. 320, T.D. 34527, is a case in point.

We think the article here involved, being one manufactured from felt material, may very properly be held to be a felt under paragraph 1112, *supra*, within the common meaning of the language there used.

We are not unmindful of our decisions in the cases of *United States* v. *Milbank, Leaman & Co.*, 14 Ct. Cust. Appls. 166, T.D. 41693, and *United States* v. *M. H. Rogers, Inc.*, 18 C.C.P.A. (Customs) 271, T.D. 44448, cited by counsel for appellee. If, however, the article here involved be, as we hold it to be, a felt, the issue here is different from the issue presented in those cases and they are not controlling.

We also are of the opinion that paragraph 1112, *supra*, is more specific with relation to the article than is the broad provision of paragraph 1120, *supra*, for manufactures wholly or in chief value of wool. Even if the involved article, in a literal sense, falls within the designation of manufactures of wool, we think it is more specifically provided for in paragraph 1112.

It may be added that if the paragraphs were equally specific, the classification of the collector is the proper one by reason of the provisions of paragraph 1559 of the said tariff act.

We are strengthened in our views of this case by reference to both judicial interpretation and legislative history. *Vide* T.D. 35266, 26 Treas. Dec. 538, decided in 1914, and Summary of Tariff Information, 1921, pages 983, 984.

The judgment of the United States Customs Court is *reversed*.