(C. D. 331)

CHARLOTTE MANUFACTURING Co. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided May 8, 1940)

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General (*Richard F. Weeks*, special attorney, and *Alfred A. Taylor, Jr.*, junior attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of Philadelphia, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation of steel chains. Duty was levied thereon at the rate of 40 per centum ad valorem under paragraph 372 of the Tariff Act of 1930, as parts

of textile machinery not specially provided for. It is claimed that said articles are properly dutiable at the rate of 35 per centum ad valorem under the provision in paragraph 329 of said act for "all other chains used for the transmission of power, and parts thereof."

The case was originally decided by this court on February 24, 1939, in *Charlotte Manufacturing Co. v. United States*, Abstract 40685, 2 Cust. Ct. 585, and is again before us as a result of a rehearing granted the plaintiff (Abstract 40990), for fear that we had not given sufficient consideration to the point raised by the plaintiff that the words "not specially provided for" occurred in said paragraph 372 and did not appear in paragraph 329.

The case is now before us upon the following agreed statement of fact:

It is hereby stipulated and agreed by and between counsel for the respective parties * * * that the merchandise in suit, represented by Exhibit 1, consists of imported steel chains of not more than two-inch pitch, but containing three (that is not more than three) parts per pitch. It is further stipulated and agreed that said chains are designed and made of special lengths, ready for use as power-transmission chains and used exclusively for the transmission of power in Whitin Flat card machines as shown by Illustrative Exhibit "A"; that said card machines are designed for use and used in the process of preparing staple, such as cotton, wool, or other similar vegetable or animal fiber, for spinning or weaving; and further that the steel chains in suit are required on said card machines for their proper operation, and that without said chains such card machines would be incomplete and incapable of performing the function for which they were designed.

Counsel for both parties have submitted additional briefs, and we have carefully considered the issue presented from every point of view. While there are numerous cases, as cited by counsel for the plaintiff, in support of the general proposition that where an imported article is provided for in two competing provisions, the one containing the clause "not specially provided for" must yield to the other; nevertheless, after mature deliberation we are of the opinion that the rule in question is not applicable to the facts in the instant case.

If the particular textile machine herein mentioned, to wit, the Whitin flat card machine, had been imported in its entirety, even though in a knocked-down condition, there would be no question but what the chain, as well as the other parts constituting the complete machine, would be properly dutiable at the rate of 40 per centum ad valorem under said paragraph 372 as textile machinery. Apparently, then, the only reason why it is now sought to classify the chain under paragraph 329 is because it has arrived in this country unaccompanied by the machine of which it is an integral and indispensable part.

In our opinion, the clause "not specially provided for" in said paragraph 372 refers to the possibility of some particular part of a textile machine or other machine that may be specifically named else-

where in the tariff act. For instance, in the case of *United States* v. *Edw. Jefferson, Inc.*, 19 C. C. P. A. 159, T. D. 45275, the appellate court held that the provision for shear blades in paragraph 356 of the Tariff Act of 1930 was more specific than the provision in paragraph 372 of said act for parts of textile machinery not specially provided for. But the provision in paragraph 329 of said act for "all other chains used for the transmission of power" is a general and not strictly speaking an *eo nomine* provision of the kind that would be said to take precedence over one covering an article of chain which is an integral and indispensable part of a particular kind of machine, as in the instant case, to wit, a textile machine.

Although involving the interpretation of another paragraph of the tariff act, an analogous situation arose in the case of certain cutting knives and blades used in power or hand machines, which, although specifically provided for in paragraph 356 of the Tariff Act of 1922 were nevertheless admittedly parts of sugar-making machinery. The case is that of *United States* v. *American Express Co.*, 12 Ct. Cust. Appls. 483, T. D. 40693. In holding that the alleged *eo nomine* provision in paragraph 356 was less specific than the provision in paragraph 1504 of the same act for parts of machinery for use in the manufacture of sugar, which parts were made free of duty as parts of agricultural implements the appellate court said:

> The appellant insists the article of importation should be considered as specifically mentioned in paragraph 356, under the language, "and all other cutting knives and blades used in power or hand machines."
>
> Such language does not constitute a specific or *eo nomine* designation of the articles of importation here. In the first place, the evidence shows that these articles are more than knives and perform other essential processes in the making of beet sugar besides the mere cutting of the beets used. But, aside from that, it cannot be held that such general language as "all other cutting knives and blades used in power or hand machines" should be considered as a special provision for and supplanting such specific language as that of paragraph 1504: "Machinery for use in the manufacture of sugar * * * whether in whole or in parts, including repair parts."

It is to be noted that the appellate court used this strong language despite the fact that in said paragraph 1504 of the Tariff Act of 1922 there occurred a proviso that no article specified by name in title I should be free of duty under said paragraph.

Moreover, in the cited decision the appellate court went on to say:

> * * * Nor should we, without compelling reason, adopt a construction of the statute that would admit free of duty the finished agricultural implement and levy a duty upon any of its parts. To do so would contravene a well understood rule of construction of customs laws.—*Overton* v. *United States* (5 Ct. Cust. Appls. 183; T. D. 34322); *United States* v. *Grasselli Chemical Co.* (5 Ct. Cust. Appls. 320; T. D. 34527).

It is plainly evident that the Congress, in paragraph 372 of the Tariff Act of 1930, intended to impose high duties on all kinds of textile

machinery in order to protect the domestic textile machine industry. It is inconceivable that the Congress intended so to tax the machine itself and not its parts. Any such construction of the statute would permit the importation of textile machines in parts at a lower rate, where such parts may be elsewhere provided for in the tariff law. In the instant case it is conceded that the power-transmission chains at bar are used exclusively in a certain particular textile machine, and that they are necessary and indispensable parts of said machine without which the latter would be incapable of performing the functions for which it was designed.

In our opinion the provision for parts of textile machinery in paragraph 372 is more specific than is the general provision for power-transmission chains in paragraph 329, particularly since said chains may be used on any kind of power-driven machinery.

Upon the established facts and the law applicable thereto we hold that the chains constituting the imported merchandise herein are parts of textile machinery within the meaning of said paragraph 372, and as such are properly dutiable at the rate of 40 per centum ad valorem under said paragraph, as classified by the collector. All claims of the plaintiff are therefore overruled, and judgment will be rendered accordingly.