(C. D. 353)

J. A. FREEMAN & SON *v.* UNITED STATES

United States Customs Court, Second Division

(Decided June 10, 1940)

*Philip Stein* for the plaintiffs.

*Webster J. Oliver,* Assistant Attorney General (*John J. McDermott,* special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of Portland, Oreg., brought to recover certain customs duties alleged to have been improperly exacted on certain articles described in the invoice as steel balls, bolts, roller bearings, chains used for the transmission of power, nuts of steel, rivets of steel, and washers. The steel balls and roller bearings were assessed with duty at the rate of 10 cents per pound and 45 per centum ad valorem under paragraph 321 of the Tariff Act of 1930, which reads as follows:

PAR. 321. Antifriction balls and rollers, metal balls and rollers commonly used in ball or roller bearings, metal ball or roller bearings, and parts thereof, whether finished or unfinished, for whatever use intended, 10 cents per pound and 45 per centum ad valorem.

The bolts were assessed with duty at the rate of 1 cent per pound under the *eo nomine* provision therefor in paragraph 330 of said act; the chains used for the transmission of power were assessed with duty at the rate of 35 per centum ad valorem under the *eo nomine* provision therefor in paragraph 329 of said act; the nuts and washers at the rate of six-tenths of 1 cent per pound under the *eo nomine* provision therefor in paragraph 330 of said act; and the rivets at the rate of 1 cent per pound under the *eo nomine* provision therefor in paragraph 332 of said act.

It is claimed that all of said articles are properly entitled to free entry under the following paragraph of said act:

PAR. 1604. Agricultural implements: Plows, tooth or disk harrows, headers, harvesters, reapers, agricultural drills and planters, mowers, horserakes, cultivators, thrashing machines, cotton gins, machinery for use in the manufacture of sugar, wagons and carts, cream separators valued at not more than $50 each, and all other agricultural implements of any kind or description, not specially provided for, whether in whole or in parts, including repair parts: *Provided,* That no article specified by name in Title I shall be free of duty under this paragraph.

The plaintiffs offered in evidence the testimony of a single witness, Percy F. Freeman, manager and a member of the plaintiff firm. He testified that his firm had been engaged throughout the western part of the United States in selling agricultural implements and repair parts for the same; that he had been visiting farms for the past 25

years and had seen the articles which he sells in actual use; that he was very familiar with the merchandise involved in the present suit and with the invoice description thereof; that reading the invoice in the instant case from left to right the first column contains the number of the order, the second the number of pieces ordered, the third the identification of the piece, the fourth the name of the particular machine of which the imported article is a part, the fifth the description of the part, the sixth the individual price, and the seventh the total price. For instance, four of PL13 means four crank wheels for a Milwaukee chain-drive mower, the PL13 being the number in the International Harvester book, and the single word "Milwaukee" indicating the Milwaukee chain-drive mower; and that similarly the words "McCormick" and "Deering" represent the McCormick and Deering mowers, respectively.

At this juncture a ⅜-inch ball bearing was admitted in evidence as Illustrative Exhibit A as representing one of the ⅝-inch steel balls described in the invoice, the two articles being similar except as to size; and the witness testified that the ⅝-inch size goes on a Deering mower, whereas Illustrative Exhibit A is for a Fahr mower; that the Fahr mower is of German manufacture and is admitted free of duty; that D–2617 ⅝-inch balls described on the invoice were purchased by the witness for sale to dealers as parts of mowing machines.

At this juncture a so-called "wrist pin" with a nut attached thereto was admitted in evidence as Collective Exhibit 1 as representative of the wrist pin described in the invoice as M–90 and of the nut described as M–91½. The witness then testified that both of said articles are used on the McCormick mower which is sold by the International Harvester Co., and which is admitted free of duty; that the bolt and nut represented by Collective Exhibit 1 can only be used in connection with the McCormick mowing machine because of its special thread.

At this juncture an article described on the invoice as M–483, McCormick-Pitman bolt, was admitted in evidence as Exhibit 2. The witness stated that said bolt is part of a McCormick mower which cuts hay on a farm.

At this juncture a picture of a Fahr mower was admitted in evidence as Illustrative Exhibit B.

The witness then testified that articles represented by Exhibit 2 are imported as parts either of a McCormick or Deering mower; that the chains for the transmission of power are 48 length, 52½ malleable chain, and are fitted for a Milwaukee chain-drive mower; that such chain is listed as PK–135 and is so labeled in the catalog of the International Harvester Co.; and that none of the articles introduced in evidence could be used for any other purpose than as parts of mowers or mowing machines.

Nothing developed in the cross or redirect examination to disturb the testimony given on direct.

At the conclusion of the testimony the Government offered in evidence the appraiser's answer to the protest, and the same was admitted in evidence by the trial judge over the objection of counsel for the plaintiffs. The said answer reads:

Merchandise, the classification of which is the subject of this protest, invoiced; "Steel balls, bolts, roller bearings, chains used for the transmission of power, nuts of steel, rivets of steel and washers", consists of the following:

Antifriction balls of metal, commonly used in ball bearings and roller bearings of metal, specifically provided for under paragraph 321 at 10¢ per pound and 45%.

Nuts and washers of steel specifically provided for under paragraph 321 at .6¢ per lb.

Bolts with threads, of steel, specifically provided for under paragraph 330 at 1¢ per lb.

Rivets of steel, n. s. p. f., under paragraph 332 at 1¢ per lb.

Chains of iron used for the transmission of power, n. s. p. f., paragraph 329 at 35%.

All of the above mentioned rates and paragraphs are of the Tariff Act of 1930.

Inasmuch as paragraph 1604, providing importation free of duty of many agricultural implements mentioned therein and agricultural implements n. s. p. f., carries a proviso "that no article specifically named in Title One shall be free of duty under this paragraph", we are of the opinion that the above described articles named in the respective paragraphs of the Tariff Act of 1930 are properly assessed for duty.

No samples of the merchandise have been furnished.

Upon this record we find as a matter of fact that while the merchandise at bar may be described by the terms used by the appraiser, nevertheless they are all parts or repair parts of mowers and as such are *eo nomine* accorded free entry under said paragraph 1604. To hold, as the Government contends, that these parts are excluded from the benefits of said paragraph 1604 by virtue of the proviso in said paragraph, would defeat the plain intent of the Congress. Practically all of the metal parts of the various agricultural implements specifically mentioned in paragraph 1604 are *eo nomine* provided for in title I of the Tariff Act of 1930.

In the case of *United States* v. *American Express Co.*, 12 Ct. Cust. Appls. 483, T. D. 40693, the appellate court had before it the question of the tariff classification of certain knives which were parts of machinery used in the manufacture of sugar. There, as here, the Government contended that by virtue of a similar proviso in paragraph 1504 of the Tariff Act of 1922, the said knives were excluded from paragraph 1504, and were dutiable at the rate of 20 per centum ad valorem under the provision in paragraph 356 of said act for "all other cutting knives or blades used in power or hand machines," as classified by the collector.

In affirming the decision of this court holding such knives to be free of duty under said paragraph 1504 as parts of machinery for use in the manufacture of sugar, the appellate court said:

The purpose which Congress had in enacting paragraph 1504 must be borne in mind. Obviously, it was to give to agriculture any advantage which there might be in the free importation of the implements and machinery of agriculture and their parts. To hold, as contended for by appellant here, would be to do violence to such intention. It would result in the imposition of duties on the importation of every cutting part of an agricultural machine imported, although not specifically named for dutiable purposes in the act, whether it was a plowshare, a sickle section for a *mower* or reaper, a rolling cutter, a blade for a stalk or ensilage cutter, or any other part of such a machine which might happen to have a cutting edge or surface. We can not adopt such a construction. The evident intent to benefit agriculture should be effectuated.—*Magone* v. *Heller* (150 U. S. 70); *United States* v. *Ducommun Hardware Co.* (7 Ct. Cust. Appls. 353; T. D. 36904). Nor should we, without compelling reason, adopt a construction of the statute that would admit free of entry the finished agricultural implement and levy a duty upon any of its parts. To do so would contravene a well-understood rule of construction of customs laws.—*Overton* v. *United States* (5 Ct. Cust. Appls. 183; T. D. 34322); *United States* v. *Grasselli Chemical Co.* (5 Ct. Cust. Appls. 320; T. D. 34527). [Italics ours.]

On the established facts and the law applicable thereto we hold that the merchandise at bar is properly entitled to free entry under paragraph 1604 of the Tariff Act of 1930 as parts of mowers, as alleged by the plaintiffs. That claim is therefore sustained; but as to all other merchandise the claims are overruled. Judgment will be rendered accordingly.