UNITED STATES *v.* AMERICAN EXPRESS CO.  (No. 2447).[1]

1. CONSTRUCTION, PARAGRAPH 1504, TARIFF ACT OF 1922.

    It was obviously the congressional intention in the enactment of paragraph 1504, tariff act of 1922, to encourage agriculture by according free importation to agricultural implements and machinery and their parts.   To levy duty as knives, under paragraph 356, upon the cutting parts of such implements and machinery would be to do violence to such intention.

2. CONSTRUCTION, PARAGRAPHS 1504 AND 356, TARIFF ACT OF 1922—EO NOMINE—RELATIVE SPECIFICITY.

    Paragraph 1504, tariff act of 1922, exempts from duty "machinery for use in the manufacture of sugar, * * * whether in whole or in parts, including repair parts: *Provided,* That no article specified by name in Title I [dutiable list] shall be free of duty under this paragraph."   The provision of paragraph 356 for "all other cutting knives and blades used in power or hand machines" is less specific and is not such a naming as would withdraw such importations from paragraph 1504.   The proviso of paragraph 1504 was intended to refer to the many agricultural implements mentioned eo nomine in Title I.

---

[1] T. D. 40693.

3. CONSTRUCTION, WHOLE, PARTS.

To adopt such a construction of paragraph 1504, tariff act of 1922, as would admit free of duty sugar machinery and levy duty upon its parts would₮con-travene a well-understood rule of construction of customs laws.

4. SUGAR MACHINE CUTTERS.

Attachments for sugar machinery, designed to cut beets into such forms as will facilitate the ensuing diffusion process, invoiced as "*couteaux de diffusion*," are admissible free of duty under paragraph 1504, tariff act of 1922, as parts of sugar machinery, rather than dutiable under paragraph 356 as "cutting knives and blades used in power or hand machines."

United States Court of Customs Appeals, February 17, 1925

APPEAL from Board of United States General Appraisers, Abstract 47438

[Affirmed.]

*William W. Hoppin*, Assistant Attorney General (*Charles D. Lawrence* and *A. H. Goodman*, special attorneys, of counsel), for the United States.
*Sharretts, Coe & Hillis* (*Edward P. Sharretts* of counsel) for appellee.

[Oral argument Jan. 14, 1925, by Mr. Lawrence and Mr. Sharretts]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The articles of importation in this case are invoiced as *couteaux de diffusion*. They were classified for duty under the provision for "all other cutting knives used in power or hand machines," at 20 per cent ad valorem, under paragraph 356 of the tariff act of 1922, which is as follows:

356. Planing-machine knives, tannery and leather knives, tobacco knives, paper and pulp mill knives, roll bars, bed plates, and all other stock-treating parts for pulp and paper machinery, shear blades, circular cloth cutters, circular cork cutters, circular cigarette cutters, meat-slicing cutters, and all other cutting knives and blades used in power or hand machines, 20 per centum ad valorem.

The importer protested, claiming the merchandise to be free of duty under paragraph 1504, of said tariff act, which is as follows:

1504. Agricultural implements: Plows, tooth or disk harrows, headers, har-vesters, reapers, agricultural drills and planters, mowers, horserakes, cultivators, thrashing machines, cotton gins, machinery for use in the manufacture of sugar, wagons and carts, cream separators valued at not more than $50 each, and all other agricultural implements of any kind or description, not specially provided for, whether in whole or in parts, including repair parts: *Provided*, That no article specified by name in Title I shall be free of duty under this paragraph.

The Board of General Appraisers entered judgment sustaining the protest, and from that judgment the Government appeals.

The articles imported are made of metal, and are in the form of adjustable plates about 7 inches in length by 3 inches in width and approximately one-fourth inch in thickness, having a series of parallel, sharp cutting edges on one side, with V-shaped grooves,

or channels, between these parallel blades.    These articles are used exclusively as parts of sugar-making machinery.    As so used, they are adjusted on the inner surface of a cylindrical revolving drum. Beets are fed into this drum through a hopper, and by a mechanical device, held against this revolving drum; as it revolves, long, V-shaped slices of the beet substance, known as cossettes, are removed from the beets in the drum by the action of the knives and channels in the plates above mentioned, and discharged into the batteries. It is shown by the testimony that the articles of importation thus used are essential to beet-sugar-making machinery, and perform not only the function of cutting the beets into shreds or slices, but also that of forming these shreds, or pieces, of beet substance, into a form where the following diffusion processes will more readily take place.

The act of October 3, 1913 (par. 391, free list), after mentioning eo nomine certain kinds of agricultural implements, concluded with the language, "all other agricultural implements * * * whether specifically mentioned herein or not," thus certainly including every possible variety of agricultural implement.    The act of 1922 (par. 1504, free list), after making a similar eo nomine designation, concludes, "all other agricultural implements * * * not specially provided for * * *" and adds a proviso: "*Provided,* That no article specified by name in Title I shall be free of duty under this paragraph."    This change of language from that of said paragraph 391 narrows somewhat the scope of the free-list provision in question. If any article which would otherwise come within the scope of paragraph 1504 of the tariff act of 1922 is specifically mentioned in the dutiable list of that act, then it will be dutiable and not free.

The appellant insists the article of importation should be considered as specifically mentioned in paragraph 356, under the language, "and all other cutting knives and blades used in power or hand machines."

Such language does not constitute a specific or eo nomine designation of the articles of importation here.    In the first place, the evidence shows that these articles are more than knives and perform other essential processes in the making of beet sugar besides the mere cutting of the beets used.    But, aside from that, it can not be held that such general language as "all other cutting knives and blades used in power or hand machines" should be considered as a special provision for and supplanting such specific language as that of paragraph 1504: "Machinery for use in the manufacture of sugar * * * whether in whole or in parts, including repair parts."

Nor is it necessary to adopt any such forced construction.    The proviso to paragraph 1504, supra, doubtless was intended to refer to the many agricultural implements which are mentioned eo nomine in Title I of the act of 1922, such as pruning knives and budding

knives in paragraph 354, hay, sugar-beet, and beet-topping knives in paragraph 355, animal clippers, pruning and sheep shears in paragraph 357, and shovels, spades, scoops, scythes, sickles, grass hooks and corn knives in paragraph 373.

Counsel for appellant cites Mason v. Robertson (139 U. S. 624) in support of his position. In that case the competing language was, "all chemical compounds and salts, by whatever name known," and a general similitude clause, and the court held the general language quoted to be more specific than the similitude clause. This authority is not in point here.

The purpose which Congress had in enacting paragraph 1504 must be borne in mind. Obviously, it was to give to agriculture any advantage which there might be in the free importation of the implements and machinery of agriculture and their parts. To hold, as contended for by appellant here, would be to do violence to such intention. It would result in the imposition of duties on the importation of every cutting part of an agricultural machine imported, although not specifically named for dutiable purposes in the act, whether it was a plow share, a sickle section for a mower or reaper, a rolling cutter, a blade for a stalk or ensilage cutter, or any other part of such a machine which might happen to have a cutting edge or surface. We can not adopt such a construction. The evident intent to benefit agriculture should be effectuated.—Magone v. Heller (150 U. S. 70); United States v. Ducommun Hardware Co. (7 Ct. Cust. Appls. 353; T. D. 36904). Nor should we, without compelling reason, adopt a construction of the statute that would admit free of duty the finished agricultural implement and levy a duty upon any of its parts. To do so would contravene a well understood rule of construction of customs laws.—Overton v. United States (5 Ct. Cust. Appls. 183; T. D. 34322); United States v. Grasselli Chemical Co. (5 Ct. Cust. Appls. 320; T. D. 34527).

We hold that the language of paragraph 356, "all other cutting knives and blades used in power or hand machines," does not apply to the agricultural implements and parts thereof, specifically named in paragraph 1504, and the judgment of the Board of General Appraisers is *affirmed*.