ENRIQUE ABARCA AND U. CASAL AND RUBERT HERMANOS *v.* UNITED STATES (No. 3333)[1]

---

1 T. D. 44617.

United States Court of Customs and Patent Appeals, January 28, 1931

*Irving I. Hartman* for appellants.

*Charles D. Lawrence*, Assistant Attorney General (*William H. Futrell* and *Ralph Folks*, special attorneys, of counsel), for the United States.

[Oral argument December 8, 1930, by Mr. Folks]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

The merchandise involved in this case was imported by appellants, being entered at the port of San Juan, P. R. There were two articles which were described by the appraiser as vertical steam engines imported for use of a sugar factory in driving a set of revolving cane knives.

The collector levied duty at the rate of 15 per centum ad valorem under the provision of paragraph 372 of the Tariff Act of 1922, classifying them as steam engines.

Appellants made protest, claiming the articles entitled to free entry under paragraph 1504 "as machinery for use in the manufacture of sugar."

The United States Customs Court overruled the protest and the matter is now before us on appeal.

One witness was called on behalf of importer. The Government introduced no testimony.

The witness called was a salesman of machinery used in the manufacture of raw sugar. The company which he represents manufactures "crushers, mills, cane knives, juice containers, carriers, and accessories," but not the machines or engines which furnish the motive power. He saw the two articles in question installed in sugar centrals at different points in Porto Rico. That the witness was quite familiar with the various things that are used in sugar mills is quite evident.

His testimony established the fact that the articles in question are steam engines. It is true that they were probably specially designed for use in sugar mills and that they might have to undergo some

modifications to fit them for use in other industries, but the fact remains that they are steam engines. "The cranks and cylinders comprise standard steam engine parts."

The Customs Court said:

It is not disputed that the article in question is a steam engine, plaintiffs' witness describing it as "a double-crank high-speed noncompound steam engine." Hence, while it may be part of the machinery used in a sugar manufacturing plant, being *eo nomine* provided for in the tariff act, it is expressly excluded from classification under said paragraph 1504 by virtue of the following proviso thereto;

*Provided,* That no article specified by name in Title I shall be admitted free of duty under this paragraph.

That the article involved herein is a certain type of steam engine does not affect its classification as such. The provision in paragraph 372 is for steam engines and is not restricted to any particluar kind of steam engine.

We find no error in the Customs Court's decision. The several cases cited in appellants' brief (there being no oral argument for appellants before us) have been examined and carefully considered. None seems to be sufficiently analogous to the present case, either in the merchandise involved or in the reasoning followed, to sustain appellants' contentions here made.

In *United States* v. *American Express Co.,* 6 Ct. Cust. Appls. 494, T. D. 36124, "Fraises," which are abrading parts of mechanisms used exclusively in sharpening the knives of beet-cutting machines, were held classifiable as "machinery for use in the manufacture of sugar."

The merchandise, consisting of certain plates and blades, involved in another *United States* v. *American Express Co.* case, 12 Ct. Cust. Appls. 483, T. D. 40693, were found by the court to be articles "used *exclusively* as parts of sugar-making machinery." (Italics ours.)

It seems obvious to us that these cases do not present controlling, or even persuasive, precedents to govern the instant case. The other cited cases appear equally inapplicable, and their review is deemed unnecessary.

Steam engines are specified by name in Title I (the dutiable list) of the act, and the proviso to paragraph 1504, quoted, *supra,* in the excerpt from the Customs Court's opinion, expressly forbids their being classified under said paragraph, unless we could say that being steam engines of a special type renders them, for tariff purposes, not steam engines but something else. Such a holding would be extremely fantastic under the statute as worded.

The judgment of the Customs Court is *affirmed.*