UNITED STATES *v.* TOWER (No. 1639).[1]

1. AGRICULTURAL IMPLEMENT—DEFINITION.

   An agricultural implement serves some purpose in the production of food from the soil or in the raising of domestic animals thereon.—United States *v.* Boker & Co. (6 Ct. Cust. Appls., 243; T. D. 35472) followed.

2. LAWN RAKES—HOW DUTIABLE.

   Iron lawn rakes with wooden handles, chiefly, if not exclusively, used for raking lawns, either to clear them of leaves or other rubbish or to gather up the cut grass left by a lawn mower, serve no agricultural purpose and are not admissible free under paragraph 391, tariff act of 1913. They are dutiable under paragraph 167 as a manufacture in chief value of metal.—Abstract 37178 discussed.

### United States Court of Customs Appeals, February 21, 1916.

APPEAL from Board of United States General Appraisers, Abstract 38713. [Reversed.]

*Bert Hanson,* Assistant Attorney General (*Thomas J. Doherty,* special attorney, of counsel), for the United States.

*Crim & Wemple* (*William L. Wemple* of counsel) for appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The present articles are certain 14 bundles of rakes, which were imported under the tariff act of 1913. The rake heads are metal, the handles wood.

The collector assessed duty upon the importations at the rate of 20 per cent ad valorem under the provision for manufactures in chief value of metal contained in paragraph 167 of the act.

The importer protested, claiming free entry for the articles under the free-list provision for agricultural implements contained in paragraph 391 of the act.

The issue was submitted to the Board of General Appraisers, who sustained the protest. The Government now appeals.

The following is a copy of the several paragraphs thus cited:

167. Articles or wares not specially provided for in this section; if composed wholly or in part of platinum, gold, or silver, and articles or wares plated with

gold or silver, and whether partly or wholly manufactured, 50 per centum ad valorem; if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with gold or silver, and whether partly or wholly manufactured, 20 per centum ad valorem.

391. Agricultural implements: Plows, tooth and disk harrows, headers, harvesters, reapers, agricultural drills and planters, mowers, horserakes, cultivators, thrashing machines, cotton gins, machinery for use in the manufacture of sugar, wagons and carts, and all other agricultural implements of any kind and description, whether specifically mentioned herein or not, whether in whole or in parts, including repair parts.

It is therefore plain that the sole question in the present case is whether the imported rakes are "agricultural implements" within the purview of paragraph 391 just copied.

The appraiser, in his official report, described the articles as "iron lawn rakes." This description was adopted by the collector, who held the articles to be lawn rakes. The importer himself was the sole witness in the case, and it may fairly be said that he acquiesced in this descriptive name of the articles. This statement is predicated upon the following questions and answers, appearing in his examination:

Q. (By Mr. LAWRENCE.) Take up protest 756935. The merchandise in this case is invoiced as 7 dozen lawn rakes; did you see those goods when imported?—A. Yes, sir.

Q. Have you brought a sample with you?—A. Yes, sir.

Q. Is this it?—A. That is it.

Q. There seems to have been two lots of rakes, one 16 inches and one 18 inches?—A. One was 2 inches shorter than the other.

Q. What is this one?—A. 16 or 18 inches; I haven't measured it.

Q. Aside from the width, are they the same?—A. The construction is the same.

Q. As you hold it there is it in the exact condition as imported?—A. Yes, sir.

Q. Have you ever used merchandise like that?—A. No, sir.

Q. In your experience?—A. No, sir.

    *        *        *        *        *        *        *

Q. Have you ever seen either the rake or the rake head represented by these two exhibits in use?—A. No, sir.

The sample rake was received as an exhibit in the case, and the issue was submitted upon the foregoing testimony, the exhibit, and the official record of the assessment.

It therefore appears that the articles in question were invoiced as "lawn rakes"; that they were found to be such by the collector; and that no denial of this title is made by the importer. The board also adopted this name for the articles in its decision.

We therefore conclude that the rakes in question are chiefly, if not exclusively, used for raking lawns, either to clear the same of leaves or other rubbish, or to gather up the cut grass left by a lawn mower. The appearance of the exhibit confirms this conclusion. Such rakes are not "agricultural implements" within the terms of paragraph 391, *supra*. This interpretation of that phrase follows from our

recent decision in the case of United States *v.* Boker & Co. (6 Ct. Cust. Appls., 243; T. D. 35472), wherein hedge shears were in question. The court, by Judge De Vries, then said:

> While, therefore, " agriculture " in its broad application may extend into and include elements of horticulture, viticulture, arbor culture, and other allied industries and pursuits, in its primary significance it extends to and embraces only those parts of all such as pertain to human and incidental animal subsistence—the substantial requirements of life (food) and possibly man's comfort (raiment), and not the mere pleasurable pursuits; the necessities and not the essentially pleasurable or ornamental.
>
> \*        \*        \*        \*        \*        \*        \*
>
> The articles are so-called " hedge shears." Hedges are purely ornamental whether on the farm or about the city home. They do not contribute to the subsistence of man or beast directly or indirectly. Whether or not these so-called " hedge shears " are within paragraph 391 depends upon the evidentiary fact of whether or not they are chiefly used for trimming purely ornamental hedges and shrubbery or the subsistence productions of the agriculturist. This record affords us no evidence upon the subject, and the character of the instrument is not such as *per se* conveys any satisfactory evidence upon that point. In fact the limited and unsatisfactory light thus afforded would seem against the importers. We are for these reasons of the opinion that there was not sufficient, if any, evidence in the case justifying the reversal of the collector.

It is clear from the present record that the rakes now in question serve no purpose in the production of food from the soil, nor in the raising of domestic animals thereon. They are used as implements for the improvement of ornamental lawns only, and therefore fall directly within the terms of the foregoing decision.

In its decision of the present case the board stated that it but followed its former decision in Abstract 37178, wherein certain rake heads were held to be properly classifiable as agricultural implements under paragraph 391 of the act of 1913. Upon turning to that decision, however, we find that in that case " the proof offered clearly substantiates the claim of importers and shows the articles in question to consist of parts of rakes used exclusively for agricultural purposes and unquestionably within the provisions of said paragraph 391."

In the present case, however, no such proof appears, and the clear intendment of the present record is to the contrary. It need hardly be stated that the reference to the earlier decision made by the board in its present decision does not have the effect of bringing the former testimony into this case. Neither does that reference serve the office of a finding of fact in the present case, since the testimony upon which the former decision rested does not appear in the present record. United States *v.* Lun Chong & Co. (3 Ct. Cust. Appls., 468, 469; T. D. 33041).

The decision of the board is therefore reversed, and the collector's assessment is affirmed.

*Reversed.*