UNITED STATES *v.* LEWIS & CONGER (No. 2941[1])

United States Court of Customs Appeals, May 7, 1928

*Charles D. Lawrence,* Assistant Attorney General (*James R. Ryan* and *Philip Stein,* special attorneys, of counsel), for the United States.
*John Giblon Duffy* for appellee.

[Oral argument February 9, 1928, by Mr. Stein]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Garden sets imported at the port of New York were classified by the collector as articles in chief value of metal, and assessed for

---

[1] T. D. 42753.

duty at 40 per centum ad valorem under that part of paragraph 399 of the Tariff Act of 1922 which reads as follows:

399. Articles or wares  *  *  *  if composed wholly or in chief value of iron, steel  *  *  *  or other metal,  *  *  *  40 per centum ad valorem.

The importer protested that the merchandise was entitled to free entry as agricultural implements under section 201 and paragraph 1504 of the free list of said act, the pertinent parts of which read as follows:

SEC. 201. That on and after the day following the passage of this act,  *  *  *  the articles mentioned in the following paragraphs, when imported into the United States,  *  *  *  shall be exempt from duty:

1504. Agricultural implements: Plows  *  *  *  and all other agricultural implements of any kind or description, not specially provided for, whether in whole or in parts, including repair parts: Provided, That no article specified by name in Title I shall be free of duty under this paragraph.

The United States Customs Court sustained the protest and the Government appealed.

On the hearing before the trial court it appeared from the evidence submitted by the importer that each of the garden sets consists of a spade, spading fork, hoe, rake, and trowel; that all of the articles were suitable for use in flower gardens and vegetable gardens and that they were sold to garden workers; that all of the implements are smaller than those ordinarily used by the "dirt farmer" and are specially designed for the use of women and young people in the cultivation of flowers and vegetables although sometimes employed by grown men for the same purpose; that the sets described in catalogues as floral sets differ in size and shape from the articles imported; that floral rakes have fewer teeth and the handles of the floral hoes and rakes are about one foot shorter than those of the importation; that the spade of the importation is longer, wider, and straighter than that used in the floral garden.

The testimony on behalf of the Government was to the effect that the implements were too small for agricultural work *in a large way* or *in a large-sized garden* and that they were listed in the catalogues as floral sets. One of the Government witnessess admitted that such sets as those imported were used by women in the vegetable garden. We are not impressed with the contention that the size of a spade, rake, hoe, spading fork, or trowel determines the agricultural character of the implement. It is a matter of common knowledge that smaller implements may be used for the cultivation of the kitchen garden than are required for less delicate and rougher agricultural operations. Of course, implements suitable for use in the kitchen garden are available for use in the cultivation of flowers, but that fact does not remove them from the category of agricultural implements. The suggestions that an implement for loosening the

soil about dahlias, tulips, and rose or other flower bushes is too small for the cultivation of beets, lettuce, and radishes, has no sound reason to support it and must be rejected. But, however that may be, articles smaller than those imported were under the Tariff Act of 1913 denied classification as articles of metal and were classified as agricultural implements under paragraph 391 of that act. *In re Lewis & Conger*, T. D. 38931. Congress must be presumed to have been aware of that classification and to have given it legislative approval by substantially reenacting paragraph 391 of the Act of 1913 as paragraph 1504 of the Act of 1922. The only difference between the two paragraphs is that paragraph 391 exempts from duty all agricultural implements, whereas paragraph 1504 excludes from the free list all agricultural implements *specified by name* in the dutiable list.

Paragraph 373 of the Act of 1922 imposes a duty of 30 per centum ad valorem on spades, and consequently under the terms of paragraph 1504 the spades of the garden sets are not entitled to free entry. As the importer did not, however, claim that the spades were dutiable under paragraph 373, the United States Customs Court properly overruled the protest as to the spades without affirming the classification of the collector.

The judgment of the United States Customs Court is in accordance with law and the weight of the evidence and it is therefore *affirmed*.