WONHAM (INC.) ET AL. *v.* UNITED STATES (No. 3525)[1]

United States Court of Customs and Patent Appeals, October 31, 1932

*Beardsley & Bradley* (*John J. Bradley* of counsel) for appellants.
*Charles D. Lawrence*, Assistant Attorney General (*Philip Stein*, special attorney, of counsel), for the United States.

[Oral argument October 3, 1932, by Mr. Bradley and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court holding certain imported bamboo rakes dutiable as articles not specially provided for, wholly or partly manufactured of bamboo, at 45 per centum ad valorem under paragraph 407 of the Tariff Act of 1922, the pertinent part of which reads:

\* \* \* all articles not specially provided for, wholly or partly manufactured of rattan, bamboo, osier or willow, 45 per centum ad valorem.

Appellants claimed in the court below and contend here that the imported merchandise is entitled to free entry as "agricultural implements" under paragraph 1504 of that act.

PAR. 1504. Agricultural implements: Plows, tooth or disk harrows, headers, harvesters, reapers, agricultural drills and planters, mowers, horserakes, cultivators, thrashing machines, cotton gins, machinery for use in the manufacture of sugar, wagons and carts, cream separators valued at not more than $50 each, and all other agricultural implements of any kind or description, not specially provided for, whether in whole or in parts, including repair parts: *Provided*, That no article specified by name in Title I shall be free of duty under this paragraph.

In its decision, the court below stated that the evidence of record was contradictory; that the imported rakes were used, according to the testimony of the witnesses for the importers, by farmers for raking up litter in barns, such as bedding for stock, and by farmers and others in vegetable gardens, strawberry patches, and on lawns for cleaning purposes; and that the Government's witnesses stated that they knew of no use for the imported articles other than for raking lawns, flower beds, and under rose bushes. Thereupon, the court held that the importers had failed to establish that the involved articles were

chiefly used as agricultural implements, and, accordingly, overruled the protests.

It is conceded by counsel for appellants that the rakes are suitable for use for raking lawns. It is contended, however, that, as they are used by farmers in planting and cultivating vegetable gardens and in caring for animals, they are agricultural implements, and, therefore, free of duty as such under paragraph 1504; that the issues in this case are controlled by the decision of this court in the case of *United States* v. *Lewis & Conger*, 16 Ct. Cust. Appls. 91, T. D. 42753, wherein it was held that the mere fact that "garden sets," consisting of spades, spading forks, hoes, rakes, and trowels, were suitable for use for purposes other than agriculture did not remove them "from the category of agricultural implements," and that the size of such implements was not determinative of their classification; and that, therefore, the judgment of the trial court should be reversed.

It is contended by counsel for the Government that appellants failed on the trial below to establish that the involved articles were "agricultural implements," as that term was defined by this court in the case of *United States* v. *Tower*, 6 Ct. Cust. Appls. 562, T. D. 36199, wherein it was held, following the decision of this court in the case of *United States* v. *Boker & Co.*, 6 Ct. Cust. Appls. 243, T. D. 35472, that the provision for agricultural implements contained in paragraph 391 of the Tariff Act of 1913 included only such implements as were chiefly employed in the "production of food from the soil," and "in the raising of domestic animals thereon."

In the *Boker* case, *supra*, the court said that the term "agricultural implements," contained in paragraph 391 of the Tariff Act of 1913, extended to and embraced only—

such as pertain to human and incidental animal subsistence—the substantial requirements of life (food) and possibly man's comfort (raiment), and not the merely pleasurable pursuits; the necessities and not the essentially pleasurable or ornamental.

It is further contended by counsel for the Government that there is no evidence whatever of record to establish that the involved articles were chiefly used as agricultural implements at or immediately prior to the date of the enactment of the Tariff Act of 1922, and that, therefore, the judgment of the court below should be affirmed.

It is well settled that, in order to bring imported articles within the provisions contained in paragraph 1504 for "all other agricultural implements of any kind or description, not specially provided for," it must be established that articles of the class to which such imported articles belong were chiefly used as agricultural implements at or immediately prior to the date of the enactment of the Tariff Act of 1922. *United States* v. *Boker & Co.*, *supra*; *United States* v. *Tower*, *supra*; *Wilbur-Ellis Co. et al.* v. *United States*, 18 C. C. P. A. (Customs)

472, T. D. 44762; *Hawley & Letzerich et al.* v. *United States*, 19 C. C. P. A. (Customs) 47, T. D. 44893; *United States* v. *R. W. Gresham, Sidney Tanning Co.*, 20 C. C. P. A. (Customs) 65, T. D. 45682, and cases cited.

There is evidence of record tending to establish that the involved articles are used for agricultural purposes, but it is not sufficient to establish that, at any time, they were chiefly so used. There is absolutely no evidence to establish that they, or the class of articles to which they properly belong, were chiefly used as agricultural implements at or immediately prior to the enactment of the Tariff Act of 1922.

It is contended by counsel for appellants that, if it should be held that appellants failed to establish that the involved articles were chiefly used as agricultural implements, as required by law, the court below, nevertheless, erred in denying appellants' petition for rehearing in order that evidence of such use might be submitted.

In support of this contention, counsel for appellants stated in their brief that, although—

In the trial below counsel for plaintiffs was well aware of the importance of this question of use and believing he had accomplished that purpose submitted his case,

the petition for rehearing—

was based upon the theory that if the case was not wholly free from difficulty and the court was in doubt as to the sufficiency of proof along the line indicated in its finding, the court would welcome such additional testimony to clear its own mind and thus give the plaintiff a fair chance for a fair decision.

There is nothing of record, nor in the commendably frank statements of counsel for appellants, to indicate that appellants were not afforded every opportunity on the trial below to present such evidence as they desired relative to the involved issues.

We find no error in the proceedings of the court below, and its judgment is, accordingly, *affirmed*.