(C. D. 332)

GEHL BROS. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided May 8, 1940)

*Tompkins & Tompkins* (*J. Stuart Tompkins, Allerton deC. Tompkins,* and *Jacob Ancipink* of counsel) for the plaintiffs.

*Charles D. Lawrence,* Assistant Attorney General (*Richard E. FitzGibbon,* special attorney), for the defendant.

Before Tilson, Kincheloe, and Dallinger, Judges

Dallinger, Judge: This is a suit against the United States, arising at the port of Detroit, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation of knives or cutting blades. Duty was levied thereon at the rate of 20 per centum ad valorem under the provision in paragraph 356 of the Tariff Act of 1930 for "all other cutting knives and blades used in power or hand machines." It is claimed that said articles are properly entitled to free entry under paragraph 1604 of said act as parts of agricultural implements.

No sample of the imported merchandise was introduced in evidence.

At the trial held at Detroit on April 29, 1938, it was stipulated in open court by and between counsel for the respective parties that the merchandise in controversy consists of knives designed to be used on farms in cutters for cutting corn to be stored in silos.

Counsel for the plaintiffs referred to the decision in the case of *Tower & Sons* v. *United States*, 9 Ct. Cust. Appls. 307, T. D. 38239, and the case was then submitted.

The issue was originally decided by us on December 5, 1939, in *Gehl Bros.* v. *United States*, C. D. 259. It is again before us as a result of a rehearing granted the plaintiff (Abstract 43026).

In our original decision we held that while it was true that the knives in question were chiefly, if not exclusively, used in agricultural operations on farms, and as such would ordinarily be entitled to free entry as agricultural implements, nevertheless such classification was precluded by reason of the proviso to paragraph 1604 of the Tariff Act of 1930 which expressly excludes from the paragraph any article specified by name in title I of said act. Hence, we held that the case of *Tower & Sons* v. *United States, supra*, which arose under the Tariff Act of 1913, was not here applicable.

At the time of rendering said decision our attention was not called to the case of *United States* v. *American Express Co.*, 12 Ct. Cust. Appls. 483, T. D. 40693, wherein the appellate court held that a similar proviso in paragraph 1504 of the Tariff Act of 1922 did not exclude cutting knives and blades used as parts of sugar-making machinery. In that case, as in the instant case, the Government contended that the provision in paragraph 356 of the latter act for "cutting knives and blades used in power or hand machines" was an *eo nomine* provision and therefore operated to exclude the knives or blades there in question from classification under said paragraph 1504, because of the proviso thereto, "that no article specified by name in title I shall be free of duty under this paragraph." In holding that said knives and blades were properly entitled to free entry under said

paragraph 1504 as parts of machinery used in the manufacture of sugar, the court said:

The appellant insists the article of importation should be considered as specifically mentioned in paragraph 356, under the language, "and all other cutting knives and blades used in power or hand machines."

Such language does not constitute a specific or *eo nomine* designation of the articles of importation here. In the first place, the evidence shows that these articles are more than knives and perform other essential processes in the making of beet sugar besides the mere cutting of the beets used. But, aside from that, it cannot be held that such general language as "all other cutting knives and blades used in power or hand machines" should be considered as a special provision for and supplanting such specific language as that of paragraph 1504: "Machinery for use in the manufacture of sugar * * * whether in whole or in parts, including repair parts."

Nor is it necessary to adopt any such forced construction. The proviso to paragraph 1504, *supra*, doubtless was intended to refer to the many agricultural implements which are mentioned *eo nomine* in title I of the act of 1922, such as pruning knives and budding knives in paragraph 354, hay, sugar-beet, and beet-topping knives in paragraph 355, animal clippers, pruning and sheep shears in paragraph 357, and shovels, spades, scoops, scythes, sickles, grass hooks and corn knives in paragraph 373.

\* \* \* \* \* \* \*

The purpose which Congress had in enacting paragraph 1504 must be borne in mind. Obviously, it was to give to agriculture any advantage which there might be in the free importation of the implements and machinery of agriculture and their parts. To hold, as contended for by appellant here, would be to do violence to such intention. It would result in the imposition of duties on the importation of every cutting part of an agricultural machine imported, although not specifically named for dutiable purposes in the act, whether it was a plow share, a sickle section for a mower or reaper, a rolling cutter, a blade for a stalk or ensilage cutter, or any other part of such a machine which might happen to have a cutting edge or surface. We can not adopt such a construction. The evident intent to benefit agriculture should be effectuated.—*Magone* v. *Heller* (150 U. S. 70); *United States* v. *Ducommun Hardware Co.* (7 Ct. Cust. Appls. 353; T. D. 36904). Nor should we, without compelling reason, adopt a construction of the statute that would admit free of duty the finished agricultural implement and levy a duty upon any of its parts. To do so would contravene a well understood rule of construction of customs laws.—*Overton* v. *United States* (5 Ct. Cust. Appls. 183; T. D. 34322); *United States* v. *Grasselli Chemical Co.* (5 Ct. Cust. Appls. 320; T. D. 34527).

\* \* \* \* \* \* \*

On the established facts and the law applicable thereto we hold the knives in question to be properly entitled to free entry under paragraph 1604 of the Tariff Act of 1930 as parts of agricultural implements, as alleged by the plaintiffs. That claim is therefore sustained; but as to all other merchandise the claims are overruled. Judgment will be rendered accordingly.