BEFORE THE SECOND DIVISION, JULY 13, 1951

**No. 55761.**—Norman G. Jensen *v.* United States, protest 148052-K (Pembina).

LAWRENCE, Judge: The plaintiff imported certain so-called unfinished snow plow wings, which were classified by the collector of customs as articles or wares, not specially provided for, composed wholly or in chief value of base metal, and duty was assessed thereon at the rate of 22½ per centum ad valorem, as provided in paragraph 397 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 397), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802.

It is the contention of plaintiff that said snow plow wings are entitled to free entry in accordance with the provision in paragraph 1604 of said act (19 U. S. C. § 1201, par. 1604), which exempts from duty "* * * agricultural implements of any kind or description, not specially provided for, whether in whole or in parts, including repair parts * * *."

Alternatively, it is claimed that, if dutiable, the articles should be classified in paragraph 372 of said act (19 U. S. C. § 1001, par. 372), as modified by said agreement, as parts of machines, finished or unfinished, and subject to an assessment of 15 per centum ad valorem.

The record is meager. The only witness in the case, Carl R. Hall, was called on behalf of the plaintiff. He testified that he was the superintendent of the Super Six Manufacturing Co., the real importer of the merchandise under consideration; that the company manufactures a hydraulic lift for tractors and attachments for farm use. He produced a leaflet illustrating some of the products of his company, and particularly illustrating, under the designation "Snow Plow," snow plow wings like those now before the court except that they are in a finished condition. The leaflet was received in evidence as exhibit 1.

The witness testified that these snow plow wings when finished in this country become parts of snow plows; that the plow is attached to a so-called loader "and used on the farm for plowing, and they use it around the yard and out in the field"; and that this is the only use of the plow, which has been a recognized article of commerce for about 4 years. The witness further testified that plows to which these wings are attached are not recommended for use on country roads because they are not heavy enough.

It appears further from the record that these snow plow wings were only partially fabricated before they were imported; that they were made from big sheets of steel which were sheared to size and partially formed in Canada. After importation, they are rolled. The record, however, is silent as to how the wings are further processed to fit them to plows.

In determining whether the snow plow wings in controversy are parts of agricultural implements, it becomes important first to ascertain what the words "agricultural implements" denote. In *United States* v. *Boker & Co.*, 6 Ct. Cust. Appls. 243, T. D. 35472, the court was considering the question whether hedge shears especially suited for pruning trees and shrubbery were entitled to be classified as agricultural implements. After setting forth several definitions of the word "agriculture," the court said:

While, therefore, "agriculture" in its broad application may extend into and include elements of horticulture, viticulture, arbor culture, and other *allied* industries and pursuits, in its primary significance it extends to and embraces only those parts of all such as pertain to human and incidental animal subsistence— the substantial requirements of life (food) and possibly man's comfort (raiment), and not the merely pleasurable pursuits; the necessities and not the essentially pleasurable or ornamental. [Italics quoted.]

The language of paragraph 391 illustrates and confirms this view. Thus while "wagons and carts" are within the paragraph—such as are used in the cultivation and removal of the crops by the farmer—certainly those words would not include buggies or automobiles—pleasure vehicles—nor would they extend to the wagon or cart of the contractor entirely unused upon the farm. *There is no implement enumerated within the paragraph that is not devoted to the production of food or raiment for man, and there is none so enumerated that is employed in his other pursuits.* [Italics supplied.]

Much stress is laid upon the words "all other agricultural implements of any kind and description." While the words "of any kind and description" are broad and most comprehensive, we must bear in mind that they are predicated of and limited to *"agricultural* implements" and therefore can not include more than those terms embrace, though of course their effect and office is to exhaust everything within that literal confinement. We are accordingly relegated to those words as above defined for the scope of this phrase and paragraph. [Italics quoted.]

All these considerations imply and necessitate that the use of the implement must determine its classification whether or not an agricultural implement within the paragraph, and that that use, and the determinative fact, is chief use.

It was accordingly held in that case that the hedge shears were not agricultural implements.

In *United States* v. *Tower*, 6 Ct. Cust. Appls. 562, T. D. 36199, certain lawn rakes were held not to be classifiable as agricultural implements, applying the doctrine of the *Boker* case, *supra*, that they were not devoted to the production of food from the soil or in raising domestic animals thereon.

While we do not overlook the consideration that the free provision relied upon by plaintiff has always been given a broad and liberal construction, the record before us fails to disclose the ultimate purpose for which snow plows would be used in the farmyard or in the field for plowing the snow, and we cannot supply from our imagination that this use of the implement contributes to the

production of "food or raiment for man." We are constrained to hold, therefore, that the claim for free entry within the scope of said paragraph 1604 is unsupported and is therefore overruled.

With respect to the alternative claim that the importation should be classified as parts of machines in paragraph 372 of said act, plaintiff has presented no evidence or argument in support of this claim either in its original brief or in its reply brief. But, inasmuch as plaintiff has expressly stated that this claim is not abandoned, we shall dispose of it in a few words.

Many years ago our appellate court adopted the definition which outlines the common attributes of a machine as:

* * * a mechanical contrivance for utilizing, applying, or modifying energy or force or for the transmission of motion * * *.

Simon, Buhler & Baumann (Inc.) v. United States, 8 Ct. Cust. Appls. 273, T. D. 37537. That definition, with appropriate limitations, has been adopted and applied in a number of subsequent cases, of which the following may be noted: United States v. Race Co., 22 C. C. P. A. (Customs) 327, T. D. 47362; United States v. Associated Mfg. Co., 30 C. C. P. A. (Customs) 236, C. A. D. 238.

The record before us fails to provide the slightest evidence that the completed plow by itself is a machine, or when attached to a loader becomes a part of the machine which propels it. In other words, there is no evidence to establish that snow plow wings are essential, integral, and component parts of that which may properly be termed a machine. They are mere accessories to other apparatus and have only an incidental or temporary use therewith. Peter J. Schweitzer (Inc.) v. United States, 16 Ct. Cust. Appls. 285, T. D. 42872; United States v. Willoughby Camera Stores, Inc., 21 C. C. P. A. (Customs) 322, T. D. 46851.

We therefore hold that the claim for classification within the terms of paragraph 372 is without merit, and it is therefore overruled.

We are of the opinion that the plaintiff has not overcome the presumption of correctness attaching to the decision of the collector of customs, and it follows that the protest is overruled in all respects.

Judgment will be entered accordingly.