(C. D. 2022)

JOHN H. GRAHAM & CO., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided August 21, 1958)

*John D. Rode* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Henry J. O'Neill*, trial attorney), for the defendant.
*Eugene R. Pickrell* (*George E. Long* of counsel) as *amicus curiae*.

Before LAWRENCE, RAO, and FORD, Judges

RAO, Judge: Plaintiff, a manufacturer's sales representative of hardware and other merchandise distributed through hardware channels, imported certain so-called grape shears from Italy. The collector of customs at New York, the port of entry, classified this merchandise as shears, other than pruning or sheep shears, within the provisions of paragraph 357 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T. D. 52739 and T. D. 52820, and accordingly assessed duty thereon at the rate of 10 cents each and 22½ per centum ad valorem.

It is the claim of plaintiff that the shears in question are entitled to free entry as agricultural implements, pursuant to the provisions of paragraph 1604 of said tariff act. An alternative claim for the assessment of duty at the rate of 5 cents each and 12½ per centum ad valorem on said merchandise as pruning shears, within the provisions of said paragraph 357, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, has been abandoned.

The tariff provisions pertinent to this litigation read as follows:

Paragraph 357 of the Tariff Act of 1930:

Nail, barbers', and animal clippers, pruning and sheep shears, and all scissors and other shears, and blades for the same, finished or unfinished, valued at not more than 50 cents per dozen, 3½ cents each and 45 per centum ad valorem; * * *.

Paragraph 357, as modified by T. D. 52739 and T. D. 52820, *supra*:

Scissors and shears (not including pruning shears or sheep shears), and blades for the same, finished or unfinished, and valued over $1.75 per dozen_____ 10¢ each and 22½% ad val.

Paragraph 1604 of the Tariff Act of 1930, *supra*:

Agricultural implements: Plows, tooth or disk harrows, headers, harvesters, reapers, agricultural drills and planters, mowers, horserakes, cultivators, thrashing machines, cotton gins, machinery for use in the manufacture of sugar, wagons and carts, cream separators valued at not more than $50 each, and all other agricultural implements of any kind or description, not specially provided for, whether in whole or in parts, including repair parts: *Provided*, That no article specified by name in Title I shall be free of duty under this paragraph.

In view of the proviso to paragraph 1604, *supra*, and a stipulation of the parties to the effect that the merchandise at bar consists of agricultural implements, it appears that the issue in this case is primarily one of law, to wit, whether the instant so-called grape shears are articles specified by name in title I of the Tariff Act of 1930. However, inasmuch as the parties are not in agreement as to the specific name for the imported merchandise, a subsidiary question of fact with regard thereto is also presented.

To establish that aspect of the case, plaintiff introduced the testimony of its account vice president, John S. Buckley, who was the only witness called by either party. It appears therefrom that plaintiff buys and sells hardware items, both domestic and imported, upon a worldwide basis, included among which are the "number 29 grape shears" in issue, a sample of which is in evidence as plaintiff's exhibit 1. These are offered for sale as grape pickers or clippers; are so advertised in the company's catalog (plaintiff's exhibit 2); are sold to those "customers who travel salesmen in the winery areas, New York State, and California"; and are used by grape pickers or harvesters to cut bunches of grapes from the vines. Customers usually order these items as grape shears by model number, and orders are filled in the same language employed by the customer.

Buckley testified, further, that no customer ever asks for just plain shears. There are a great many shears in the line, as, for example, pruning shears, lopping shears, stand-up grass shears, grass shears, and hedge shears, types of which are described and depicted in plaintiff's exhibit 2, and a purchaser must identify the particular kind he wishes to distinguish it from others. Thus, for merchandise like that at bar, the customer's order is for grape shears.

Buckley admitted that plaintiff's exhibit 1 could be used for cutting papers or flowers, or for other purposes, but averred that it is primarily designed for picking or harvesting grapes. It was his opinion that the term "shears" is a designation of a class of many kinds of articles and that grape pickers are one of the members of that class.

Notwithstanding the fact that plaintiff, in its sales literature and selling practices, refers to the subject merchandise as grape pickers or clippers, and that the witness so adverted to them throughout much of his testimony, it is obvious that this evidence was not introduced for the purpose of establishing any commercial designation

under that name. Neither, without further amplification, is it legally sufficient for that purpose. It is equally obvious from the testimony, which stands uncontroverted, that the articles at bar are shears. They respond in every particular to the following definition to be found in Webster's New International Dictionary:

1. Any of various cutting instruments operated by the action of opposed cutting edges of metal. Specif.: a An instrument consisting of two bevel-edged blades pivoted together so that the edges slide one by the other, used for cutting or shearing cloth or other material by the blades as they close together,—in effect large or powerful scissors. b A similar instrument the blades of which are connected at one end by a curved spring, used for shearing sheep or skins. c A power or hand-operated machine which cuts by means of a blade, or a set of blades, working against a resisting edge, the material to be sheared being between the two.

Moreover, it may be taken as completely established, in this case, that the items in issue are, in fact, grape shears. They are so purchased from the foreign manufacturer and so ordered by American buyers. So far as the instant record shows, their primary use by the ultimate consumer is for the cutting of grapes from the vine.

Counsel for plaintiff urges that the provision for shears in paragraph 357, and as modified, *supra*, is a class designation, rather than a specification by name of any individual variety of shears, and, hence, that grape shears are not excluded from free entry by the proviso to paragraph 1604.

Counsel for the Government and *amicus curiae* invoke the principle relied upon and followed in the case of *United States* v. *Sears, Roebuck & Co.*, 20 C. C. P. A. (Customs) 295, T. D. 46086, to the effect that a designation of a class of articles is the equivalent of the enumeration of each member thereof, to support the argument that the instant merchandise is specified by name in paragraph 357.

This is, of course, settled law, but, nevertheless, a rule of construction for the determination of the proper classification within a group designation of an article not otherwise *eo nomine* provided for. But it is seriously to be doubted that in the precise language employed by Congress in the proviso in question—"specified by name"—there is scope for its application. The weight of the relevant authorities indicates otherwise.

In the case of *United States* v. *American Express Co.*, 12 Ct. Cust. Appls. 483, T. D. 40693, it was held that the proviso to paragraph 1504 of the Tariff Act of 1922, the predecessor of the present paragraph 1604 and, so far as here concerned, couched in the same language, did not operate to exclude from free entry certain plates with sharp cutting edges used in beet sugar-making machinery, notwithstanding a provision in the dutiable list for "all other cutting knives and blades used in power or hand machines."

In so concluding, the court reasoned as follows:

Such language does not constitute a specific or eo nomine designation of the articles of importation here. In the first place, the evidence shows that these articles are more than knives and perform other essential processes in the making of beet sugar besides the mere cutting of the beets used. But, aside from that, it can not be held that such general language as "all other cutting knives and blades used in power or hand machines" should be considered as a special provision for and supplanting such specific language as that of paragraph 1504: "Machinery for use in the manufacture of sugar * * * whether in whole or in parts, including repair parts."

Nor is it necessary to adopt any such forced construction. The proviso to paragraph 1504, supra, doubtless was intended to refer to the many agricultural implements which are mentioned eo nomine in Title I of the act of 1922, such as pruning knives and budding knives in paragraph 354, hay, sugar-beet, and beet-topping knives in paragraph 355, animal clippers, pruning and sheep shears in paragraph 357, and shovels, spades, scoops, scythes, sickles, grass hooks and corn knives in paragraph 373.

*     *     *     *     *     *     *

The purpose which Congress had in enacting paragraph 1504 must be borne in mind. Obviously, it was to give to agriculture any advantage which there might be in the free importation of the implements and machinery of agriculture and their parts. To hold, as contended for by appellant here, would be to do violence to such intention. It would result in the imposition of duties on the importation of every cutting part of an agricultural machine imported, although not specifically named for dutiable purposes in the act, whether it was a plow share, a sickel section for a mower or reaper, a rolling cutter, a blade for a stalk or ensilage cutter, or any other part of such a machine which might happen to have a cutting edge or surface. We can not adopt such a construction. The evident ntent to benefit agriculture should be effectuated. * * *

The authority of the foregoing case was held to be decisive of the issues involved in *Gehl Bros.* v. *United States,* 4 Cust. Ct. 241, C. D. 332, wherein certain knives or cutting blades for use in corn cutters were held not specified by name in the provision for all other cutting knives or blades used in power or hand machines.

In *United States* v. *S. S. Perry,* 25 C. C. P. A. (Customs) 282, T. D. 49395, it was held that a provision for compounds of cellulose did not specify celluloid poultry leg bands by name, so as to exclude them from free entry as agricultural implements, the court there stating:

* * * We do not think that when Congress used the term "specified by name" it used it synonymously with "provided for." * * * To name a general class such as is done in paragraph 31, *supra,* is not to specify an article by name, within the meaning of paragraph 1604.

A variety of articles, including steel balls, chains, bolts, and nuts, was claimed to be entitled to free entry as agricultural implements in the case of *United States* v. *J. A. Freeman & Son,* 29 C. C. P. A. (Customs) 103, C. A. D. 177. Of these, the court found that the steel balls were used to reduce friction and, hence, were specified by name in paragraph 321 of the Tariff Act of 1930 as "Antifriction

balls * * * for whatever use intended"; that the so-called pitman bolts were ordinary bolts with a left-hand thread, provided for in paragraph 330 of said act as bolts; that the chains were *eo nomine* specified in paragraph 329 as chains for the transmission of power; but that the nuts, which had a special pitch of thread and a singular use on wrist pins for McCormick mowers, were not specifically named in the provision for nuts in said paragraph 330.

In the recent case of *United States* v. *Compania Azucarera Del Camuy, Inc.*, 45 C. C. P. A. (Customs) 4, C. A. D. 664, the provision of paragraph 329 for all articles, manufactured wholly or in chief value of chains, was held not to specify by name certain sugarcane slings, which were, therefore, accorded free entry as agricultural implements.

The case of *United States* v. *Lewis & Conger*, 16 Ct. Cust. Appls. 91, T. D. 42753, wherein certain garden spades imported together with other gardening implements were held to be specified by name as spades in paragraph 373 of the act of 1922, represents an apparent contrary view. However, in that case, the court's major concern was the question of whether the implements were, in fact, devoted to an agricultural use. The issue of the scope and effect of the proviso to paragraph 1604, in competition with designations in the dutiable schedule, does not appear to have been sharply contested.

It is obvious that the courts have been loath to frustrate the manifest intent of Congress to favor agriculture, and have, wherever possible, given the provisions of paragraph 1604 a very broad interpretation. Moreover, this approach would seem to be dictated by the use of the phrase "specified by name" in place of the more usual expression, "not specially provided for," appearing in so many other provisions of the act.

With this background, we now address ourselves to the question of whether the provision for scissors and shears (not including pruning shears or sheep shears) [originally pruning and sheep shears, and all scissors and other shears] is a specification by name of grape shears. The language of the paragraph itself would seem to provide the answer. Pruning shears and sheep shears are specific name designations. "Other shears" is a generic term embracing many different kinds or varieties of shears by description, but not by name. Such shears would, of course, fall within the class by operation of law, under the principle of the *Sears, Roebuck* case, *supra*, unless otherwise excluded. But that is not to say that they have been "specified by name" within the contemplation of the proviso to said paragraph 1604.

As observed in the case of *United States* v. *Ducommun Hardware Co.*, 7 Ct. Cust. Appls. 353, T. D. 36904:

That they [pruning shears] are one kind of shears is also conceded, but it is apparent from common knowledge that there are many kinds of shears that are

not agricultural implements in any sense, and perhaps that there are still others which, while they may be incidentally used for agricultural purposes, are not exclusively or chiefly devoted to that use. As to such shears the *eo nomine* provisions of paragraph 128 would doubtless be applicable. The rule of *eo nomine* application, as we have had occasion many times to remark, is but a rule of construction designed to aid in ascertaining the legislative intent, and while of high importance, is never controlling when it clearly appears that Congress intended a particular article to be otherwise classifiable, and we think this is such a case.

Based upon the foregoing considerations, we find and hold that the subject grape shears are agricultural instruments, not specified by name in title I of the Tariff Act of 1930, and, hence, are entitled to free entry within the provisions of paragraph 1604 of said act. The claim in the protest to that effect is, therefore, sustained.

Judgment will be entered accordingly.